IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JANE BELTONISD-FH DOE,** | § | |
|    **PLAINTIFF** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **BELTON INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
|    **DEFENDANT** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff JANE BELTONISD-FH DOE ("Jane") to hereby file her "Plaintiff's Original Complaint" in this lawsuit, as follow:

### A. NATURE OF SUIT

1.  Jane has been the victim of systematic and ongoing discrimination by Jane's former employer, Defendant, based on Jane's religious beliefs, as well as in retaliation for or in an effort to suppress her exercise of her rights under the First Amendment of the United States Constitution. These acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves. As a result, Jane left her employment with Defendant. However, Defendant continues to deliberately black-ball Plaintiff, as Plaintiff has tried repeatedly to gain employment, only to have such efforts killed by

false statements and reports from Defendant. Left with no other choice, Plaintiff Jane seeks redress from this Court.

## B. PARTIES

2. Plaintiff "**JANE BELTONISD-FH DOE**" ("Jane") is an individual residing in the State of Texas. Because of the privacy issues involved in this matter and the real, eminent, and continuing threat of further retaliation by Defendant, Jane is hereby exercising her rights to proceed with this matter anonymously.

3. The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jane's privacy prevails.

4. At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane, and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed to Defendant.

5. Defendant Belton Independent School District ("DEFENDANT BISD") is a school district formed under the laws of the State of Texas, operates under the laws and authority of the State of Texas and the United States Department of Education, receives funds from the United States. and may be served with summons by serving its Superintendent as follows:

**BELTON INDEPENDENT SCHOOL DISTRICT**
c/o Dr. Susan Kincannon, Superintendent
400 N. Wall Street
Belton, Texas 76513

## C. JURISDICTION AND VENUE

6.    This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331 because it involves a federal question. This federal question proceeding arises under the following laws of the United States:

(a)    42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343§ ("Title VII");

(b)    42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VI"); and

(c)    42 U.S.C. §1983 ("Section 1983") with regard to, without limitation:

(i)    Defendant BISD's violations of the laws of the United States;

(ii)    Defendant BISD's denial under color of law of Jane's rights to equal protection, procedural due process, and substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution; and

      (iii)    Defendant BISD's denial under the color of law of Jane's right to expression and peaceable assembly guaranteed by the First Amendment to the United States Constitution.

7. This Court may further exercise supplemental jurisdiction over Plaintiffs' claims arising under Texas law pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Western District of Texas, the Waco Division, because Defendant BISD operates its school district within Bell County, which is in this district and division.

### D.  FACTUAL BACKGROUND

9. Plaintiff Jane is an educated, experienced educator in the State of Texas.

10. Plaintiff Jane has a passion for teaching that has resulted in Jane receiving the respect of Jane's colleagues, students, and parents wherever Jane taught.

11. Plaintiff Jane also of Jewish heritage and faith ("Religious Beliefs"), which Defendant BISD failed to respect and honor. In fact, Defendant BISD was so uncomfortable with Jane's Religious Beliefs, Defendant BISD took actions that resulted in a hostile work environment for Jane, ultimately resulting in Jane's departure from employment with Defendant BISD.

12. Unfortunately, Defendant BISD was not satisfied with "getting rid of" Plaintiff Jane, because Defendant BISD has engaged in an ongoing effort to ensure that Plaintiff Jane does not obtain new employment as a teacher in the State of Texas.

13. Time after time, Plaintiff Jane has applied for and interviewed with other school districts for open teaching positions. Because of Plaintiff Jane's teaching skills and experience, Jane has reached the threshold of obtaining employment, only to have offers and interest yanked away after references calls have been made to Defendant BISD.

14. Time and again, after the reference calls are made to Defendant BISD, the offers of employment evaporate. The foregoing has occurred with teaching positions available within Defendant BISD, the Copperas Cove Independent School District, and the Killeen Independent School District.

15. Through false statements, inferences and inuendo, Defendant BISD has successfully kept Plaintiff Jain from gaining employment as a teacher.

16. Defendant BISD targeted its behavior against Plaintiff Jane and implemented its discrimination because of Jane's Religious Belief, under the color of law. The Defendant BISD personnel who committed the misconduct complained of did so as agents and representatives of Defendant BISD and were implementing Defendant BISD's policies, practices, and procedures when such agents acted against Jane.

17. If Defendant BISD's policies, practices, and procedures were not in written form, Defendant BISD and its agents implemented them in accord with the customs and practices of Defendant BISD's policy makers.

18. The Defendant BISD personnel who acted against Plaintiff Jane did so while performing their assigned Defendant BISD duties, as prescribed by Defendants BISD's superintendent and/or its board of trustees.

19. Defendant BISD's misconduct, described in this Complaint (hereafter sometimes referred to as the "Civil Rights Violations") represent actions of complete and deliberate indifference to Plaintiff Jane, and, made it necessary for Jane to retain legal counsel and to file this lawsuit to seek redress for the wrongs done to Jane by Defendant BISD.

20. Jane met all conditions precedent to bring these claims before this Honorable Court.

### E.  CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII

21. Defendant BISD committed certain of its misconduct toward Jane, *supra*, because Plaintiff Jane's Religious Beliefs.

22. Defendant BISD's acts and omissions in respect of Jane's Religious Beliefs violate Title VII.

23. Defendant BISD's acts and omissions in respect of Jane's Religious Beliefs created a hostile workplace environment.

24. Defendant BISD's continue to retaliate against Plaintiff Jane by black-balling Jane's efforts to find employment in education, whish such retaliation is in violation of Title VII.

25. Plaintiff Jane has suffered actual and consequential damages as a direct and proximate result of Defendant BISD's violations of Title VII, for which Jane now sues.

## COUNT TWO: VIOLATION OF TITLE VI

26. Defendant BISD is an entity receiving grants and funds from the United States government. Therefore, the provisions of Title VI also govern Defendant BISD.

27. The Title VII violations Defendant BISD committed against Plaintiff Jane, *supra*, are also violations of Title VI because Title VI governs Defendant BISD.

28. Without limitation and in addition to the foregoing, Defendant BISD denied Plaintiff Jane her right to freedom of expression, to assemble peaceably, and to petition for a redress of grievances, in violation of the First Amendment to the United States Constitution.

29. Without limitation and in addition to the foregoing, Defendant BISD denied Jane her right to procedural and substantive due process, and equal protection under the law, in violation of the Fourteenth Amendment to the United States Constitution.

30. Defendant BISD's denial of Plaintiff Jane's statutory and United States Constitutional rights violate Title VI.

31. Plaintiff Jane has suffered actual and compensatory damages as a direct and proximate result of Defendant BISD's violations of Title VI, for which Jane now sues.

### COUNT THREE: VIOLATION OF SECTION 1983

32. 42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

33. Defendant BISD was a state actor acting under the color of state law while committing the referenced Civil Rights Violations of Plaintiff Jane and resulted in the violation of Plaintiff Jane's rights under:

   a) Title VII;

   b) Title VI;

    c)    the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jon's Property Rights;

    d)    the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights; and

    e)    the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jon's Property Rights.

34.    Under the First Amendment to the Constitution of the United States, Plaintiff Jane has the right to express, both verbally and in writing, her dissatisfaction with Defendant BISD.

35.    Under the Fourteenth Amendment to the Constitution of the United States, Plaintiff Jane has the right to be free from the Civil Rights Violations committed by Defendant BISD.

36.    Because of the Civil Rights Violations committed by Defendant BISD, Plaintiff Jane has been denied her guaranteed free speech, equal protection, procedural due process, and substantive due process rights as set forth in the First and Fourteenth Amendments. As a result of such violations, Defendant have violated Jane's right under 42 U.S.C. § 1983 (hereafter, "Section 1983 Violations").

37.    Plaintiff Jane has suffered economic, emotional distress, and psychological damage to Jane's character, prestige, standing in Jane's community

as well as a loss of benefits and opportunities as a direct and proximate result of Defendant' Section 1983 Violations as to Jane.

38. Plaintiff Jane has suffered economic, emotional distress, and psychological damage to Jane's character, prestige, standing in her community as well as a loss of benefits and opportunities as a direct and proximate result of Defendant BISD's deliberate indifference of Jane as to the Section 1983 Violations as to Plaintiff Jane.

39. Defendant BISD's acts and omissions in violation of Title VII, and Title VI also violate Section 1983 because Defendant BISD committed those acts and omissions under color of law, through designated persons of authority implementing their Defendant BISD-assigned duties and responsibilities.

40. The First Amendment to the United States Constitution grants Plaintiff Jane the right to express her issues with Defendant BISD both orally and in writing; and grants Jane the right to assemble peaceably and to petition Defendant BISD for redress.

41. The Fourteenth Amendment to the United States Constitution grants Plaintiff Jane the right to procedural and substantive due process and to equal protection under the law.

42. As a result of the foregoing, Plaintiff Jane hereby seeks recovery of all actual and consequential damages available to her in accordance with Section 1983, for which she now sues.

## COUNT FOUR: VIOLATIONS OF THE TEXAS CONSTITUTION

43. As a public school district operating by the State of Texas, Defendant BISD's action are also subject to scrutiny of protections created by the Texas Constitution.

44. The Civil Right Violations committed by Defendant BISD against Plaintiff Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under the Constitution of the State of Texas.

45. Specifically, the Civil Rights Violations committed by Defendant towards Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

> (a) the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;
>
> (b) the substantive due process requirements of the Texas Constitution found in Article 1, Section 19;
>
> (d) the equal protection requirements of the Texas Constitution found in Article I, Section 3; and
>
> (e) the freedom of speech protections of the Texas Constitution found in Article I, Section 8.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

46. The Violations of the Texas Constitution committed by Defendant BISD as to Plaintiff Jane have caused Plaintiff Jane to suffer a loss of benefits and created economic losses.

47. The Violations of the Texas Constitution committed by Defendant BISD as to Plaintiff Jane have caused Plaintiff Jane to suffer mental and emotional distress and damages.

48. Although Plaintiff Jane, as a private party living in the State of Texas, has no standing to seek monetary damages for the Violations of the Texas Constitution committed by Defendant BISD as to Plaintiff Jane, Plaintiff Jane does seek the equitable relief to which Plaintiff Jane is entitled by Texas jurisprudence, including but not being limited to:

    (a)    the immediate cessation of the dissemination of all negative commentary and innuendo as to Plaintiff Jane;

    (b)    Defendant BISD taking all immediate steps necessary to restore the reputation of Jane among her colleagues and professionals within the Texas educational community; and

    (c)    requiring Defendant BISD to strike (from the records of Defendant BISD) all negative information, emails, evaluations, and materials as to Plaintiff Jane.

## COUNT FOUR: EXEMPLARY AND/OR LIQUIDATED DAMAGES

49. Various of the statutes that Defendant BISD's misconduct violated permit the recovery of exemplary and/or liquidated damages. Defendant BISD's misconduct entitles Plaintiff Jane to recover exemplary and/or liquidated damages from Defendant BISD in an amount sufficient to punish Defendant BISD for its misconduct and to deter similar misconduct in the future.

## COUNT FIVE: ATTORNEY'S FEES

50. Various of the statutes that Defendant BISD's misconduct violated permit the recovery of reasonable and necessary attorney's fees. Defendant BISD's misconduct entitles Plaintiff Jane to recover from Defendant BISD her reasonable and necessary attorney's fees, for which she now seeks

## COUNT SIX: INTEREST AND COSTS OF COURT

51. Various of the statutes that Defendant BISD's misconduct violated permit the recovery of prejudgment interest.

52. Plaintiff Jane is entitled to recover from Defendant BISD both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

53. Plaintiff Jane is entitled to recover from Defendant BISD her costs of court.

## F. JURY TRIAL

54. Plaintiff Jane hereby requests a trial by jury in this lawsuit.

## G. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including pre and post judgment interest; that Plaintiff Jane be granted the equitable relief requested; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendant; and that Plaintiff Jane have such further and other relief, general and special, both at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

*[signature]*

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 512.980.4556 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF
JANE BELTONISD-FH DOE**